MEDINA COUNTY BAR ASSOCIATION v. PISZCZEK.

[Cite as *Medina Cty. Bar Assn. v. Piszczek*, 115 Ohio St.3d 228, 2007-Ohio-4946.]

(No. 2007–1103—Submitted July 10, 2007—Decided September 27, 2007.)

---

**Per Curiam.**

{¶ 1} This court admitted respondent, Gerald D. Piszczek of Medina, Ohio, Attorney Registration No. 0007184, to the practice of law in Ohio in 1977. The Board of Commissioners on Grievances and Discipline has recommended that we now publicly reprimand respondent based on findings that he commingled his funds with those in his client trust account and thereby violated DR 9–102(A) (requiring a lawyer to preserve the identity of client funds in the lawyer's possession). On review, we agree that respondent violated the Code of Professional Responsibility and hold that a public reprimand is appropriate.

{¶ 2} Relator, Medina County Bar Association, charged respondent with the cited misconduct, and the parties submitted a consent-to-discipline agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline

("BCGD Proc.Reg."). A panel of three board members accepted the agreement, found the stipulated DR 9–102 violation, and recommended the proposed public reprimand. The board adopted the findings of misconduct and recommended sanction.

## Misconduct

{¶ 3} Respondent practices law as Gerald D. Piszczek Co., L.P.A., in Medina and maintains an Interest on Lawyer Trust Account ("IOLTA") account with First Merit Bank N.A. for safekeeping client funds in his possession. Respondent, however, did not keep track of deposits and withdrawals from the IOLTA account so that he could account for each client's money separately. Respondent also authorized an associate attorney not listed as a signatory on the IOLTA account to write checks from the account in respondent's name, and he had no effective oversight procedures for monitoring the activity in the account.

{¶ 4} From the beginning of July 2003 until June 30, 2005, respondent's lack of oversight facilitated several deposit and withdrawal irregularities in his IOLTA account. At one point, the account was overdrawn by $7,442.58, and this sum was paid to a client even though no one had first deposited that amount in the account for the client's benefit. In a second incident, $16,170.80 was withdrawn to pay a client's costs and settlement proceeds even though the funds had not been deposited for disbursement from the IOLTA account for that client. In addition, $5,683.61 was overpaid from the IOLTA account to certain clients and their creditors, and $2,142.20 due in subrogation and other costs went unpaid. Respondent has now resolved all these irregularities and has paid the appropriate amounts to entitled parties.

{¶ 5} Because respondent failed to properly oversee his IOLTA account, his law firm mishandled entrusted client funds, and he did not discover the accounting discrepancies. Respondent also regularly left earned fees in the IOLTA account, and he often withdrew earned fees without any demonstrated correlation to the client who owed the money. By commingling his funds and those of his clients, respondent violated DR 9–102(A).

## Sanction

{¶ 6} In advocating a public reprimand, the parties agreed that respondent's case presented no aggravating factors. See BCGD Proc.Reg. 10(B)(1). As mitigating factors, the parties agreed that respondent had made restitution timely and in good faith—he engaged an accountant to audit his IOLTA account, he reconciled all the account irregularities, he stopped his associate's use of the account, and he instituted an effective office accounting system. BCGD Proc. Reg. 10(B)(2)(c). Respondent also gave free and full disclosure and had a cooperative attitude toward the proceedings. BCGD Proc.Reg. 10(B)(2)(d) and

(e). Respondent further proved his good character and reputation in the legal community and the community at large. BCGD Proc.Reg. 10(B)(2)(e).

{¶ 7} We adopt the board's finding of misconduct and recommendation. Respondent is publicly reprimanded for having violated DR 9–102(A). Costs are taxed to respondent. ´

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Robert Shultz and Beau A. Shultz, for relator.

Bricker & Eckler, L.L.P., and Alvin E. Mathews, for respondent.