LAKE COUNTY BAR ASSOCIATION *v*. KUBYN.

[Cite as *Lake Cty. Bar Assn. v. Kubyn*, 121 Ohio St.3d 321, 2009-Ohio-1154.]

*Attorney misconduct, including failing to promptly refund unearned fees upon discharge — Public reprimand.*

(No. 2008-2431 — Submitted January 14, 2009 — Decided March 19, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-003.

————————————

**Per Curiam**.

{¶1} Respondent, R. Russell Kubyn of Painesville, Ohio, Attorney Registration No. 0029510, was admitted to the practice of law in Ohio in 1984. The Board of Commissioners on Grievances and Discipline recommends that we publicly reprimand respondent, based on findings that he failed upon discharge from employment to promptly refund unearned fees and to take reasonably practicable steps to protect his client's interests. We agree that respondent committed professional misconduct in violation of the Rules of Professional Conduct and that a public reprimand is appropriate.

{¶2} Relator, Lake County Bar Association, charged respondent with professional misconduct in a one-count complaint. A panel appointed by the board considered the case upon the parties' consent-to-discipline agreement, filed pursuant to Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The panel accepted the agreement, found respondent in violation of ethical standards, and recommended the public reprimand. The board adopted the panel's findings of misconduct and recommendation.

**Misconduct**

{¶3} Respondent admitted to having violated Prof.Cond.R. 1.16(d) and (e). Prof.Cond.R. 1.16(d) requires lawyers, upon withdrawal or termination, to take reasonably practicable steps to protect the client's interests, including delivering client papers and property to which the client is entitled. With an exception not relevant here, Prof.Cond.R. 1.16(e) requires lawyers, upon withdrawal or termination, to promptly return any part of a fee that has not been earned.

{¶4} Respondent violated these rules in the course of his attorney-client relationship with Michael J. Butz, who hired respondent to represent him in his divorce and other matters. Butz signed a fee agreement in late December 2006 and pursuant to that contract, paid respondent $5,000. Butz soon became dissatisfied with respondent's services and discharged him on January 31, 2007.

{¶5} Upon discharging respondent, Butz advised him that he had retained new counsel and asked respondent for an itemized billing and to return any unearned fees. In late February 2007, Butz's brother, another attorney, asked respondent again for an itemized billing and the return of unearned fees. Butz's brother wrote a second letter to the same effect early in March. Respondent did not comply with these requests, and Butz's new attorney had to recreate his file.

{¶6} Respondent did reply, however, to a February 2007 request from his client's new attorney for the Butz case file. He claimed to have no duty to produce it because he had sent Butz copies of all the paperwork as it was generated or received, so Butz already had the complete file. Respondent offered the same justification during the investigation of Butz's grievance.

{¶7} In March 2007, respondent sent an itemized bill to his client and refunded $1,032.50 in legal fees. Because the itemized statement assessed charges for work done after Butz discharged him, respondent later repaid an additional $362.50.

**{¶8}** We accept respondent's admissions to the charged violations of Prof.Cond.R. 1.16(d) and (e).

### Sanction

**{¶9}** In recommending a sanction for this misconduct, the panel and board weighed the aggravating and mitigating factors of respondent's case. See BCGD Proc.Reg. 10(B). According to the consent-to-discipline agreement, no aggravating factors are present. Mitigating factors include that respondent has no prior disciplinary record, did not have a dishonest or selfish motive, has made a timely good-faith effort to rectify the consequences of his misconduct, and has cooperated in the disciplinary proceedings. See BCGD Proc.Reg. 10(B)(2)(a), (b), (c), and (d). The parties also agree that respondent's good character and professional competence weigh in his favor, as does the fact that a mental disability contributed to cause his misconduct and has since been successfully treated. See BCGD Proc.Reg. 10(B)(2)(e) and (g).

**{¶10}** The parties have stipulated to and the panel and board recommended that respondent be publicly reprimanded for his misconduct. We accept this recommendation. Respondent is hereby publicly reprimanded for his violations of Prof.Cond.R. 1.16(d) and (e).

**{¶11}** Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

James P. Koerner, for relator.

Murman & Associates and Michael E. Murman, for respondent.

_____