CINCINNATI BAR ASSOCIATION *v*. HELBLING.

[Cite as *Cincinnati Bar Assn. v. Helbling,*

124 Ohio St.3d 510, 2010-Ohio-955.]

*Attorneys at law — Misconduct — Safekeeping of funds and property — Consent-to-discipline agreement — Public reprimand.*

(No. 2009-2264 — Submitted January 13, 2010 — Decided March 18, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 09-047.

_____

**Per Curiam**.

{¶ 1}  Respondent, John Joseph Helbling of Cincinnati, Ohio, Attorney Registration No. 0046727, was admitted to the practice of law in Ohio in 1990.

{¶ 2}  On June 15, 2009, relator, Cincinnati Bar Association, filed a complaint charging respondent with four violations of Prof.Cond.R. 1.15 regarding the safekeeping of funds and property after respondent allegedly overdrew his Interest on Lawyers' Trust Accounts ("IOLTA") account.

{¶ 3}  The parties entered into a consent-to-discipline agreement.  See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").  The Board of Commissioners on Grievances and Discipline adopted the agreement of the parties, including the stipulated facts, violations, and sanction.  Based upon its findings that respondent committed four violations of Prof.Cond.R. 1.15, including single violations of 1.15(a)(2)(iv) and 1.15(a)(3)(ii) and two violations of 1.15(c), the board recommends that we publicly reprimand respondent.  On review, we adopt the board's findings of

misconduct and hold that a public reprimand is appropriate for respondent's violations of the Rules of Professional Conduct.

**Misconduct**

{¶ 4} The stipulated facts of this case show that on July 1, 2008, respondent received two checks totaling $1,790.92 from a client ("client one") to cover court reporting costs owed to Litigation Support Services. Respondent deposited both checks into his IOLTA account on or about July 10, 2008, and on July 14, 2008, he issued a check for $1,790.92 to Litigation Support Services on behalf of client one.

{¶ 5} Between July 14 and July 31, 2008, respondent made several online transfers from his IOLTA account to his business account and drew one check on the IOLTA account for a separate client matter. On August 6, 2009, respondent transferred an additional $3,000 from his IOLTA account to his business account for "fees earned," leaving a balance of $556.30 in the IOLTA account. At the time respondent made that transfer, the $1,790.92 check to Litigation Support Services had not yet been presented to the bank for payment. When Litigation Support Services deposited its check on August 6, 2008, respondent's bank returned the check for insufficient funds. Therefore, it is clear that respondent failed to maintain a proper accounting of which client's monies he withdrew as he paid himself.

{¶ 6} The next day, respondent deposited a second client's $1,500 retainer to his IOLTA account. This deposit permitted the Litigation Support Services check to clear. But even assuming that the entire IOLTA account balance of $556.30 belonged to client one, $1,234.62 of the payment to Litigation Support Services came from funds belonging to a second, unrelated client.

{¶ 7} In the consent-to-discipline agreement, respondent admits that he (1) violated Prof.Cond.R. 1.15(a)(2)(iv) by failing to maintain a record of client one's current balance and outstanding checks, (2) violated Prof.Cond.R.

2

1.15(a)(3)(ii) by failing to maintain a record of which client's funds were affected by each IOLTA account credit and debit, (3) violated Prof.Cond.R. 1.15(c) by failing to maintain $1,790.92, advanced by client one for litigation expenses, in his IOLTA account, and (4) violated Prof.Cond.R. 1.15(c) by causing a portion of a $1,500 IOLTA account deposit belonging to a second client to be misapplied to cover an overdraft.

**Sanction**

{¶ 8}  Neither the parties nor the board has identified any aggravating factors.  See BCGD Proc.Reg. 10(B)(1).  The parties have stipulated to the following mitigating factors:  (1) respondent's absence of any prior disciplinary history, (2) his cooperative attitude and full and free disclosure to the board, and (3) his actions in immediately funding his IOLTA account from his personal funds once he receive notice of the overdraft.  See BCGD Proc.Reg. 10(B)(2)(a), (c), and (d).

{¶ 9}  We have previously imposed public reprimands for conduct similar to that of respondent.  See, e.g., *Medina Cty. Bar Assn. v. Piszczek*, 115 Ohio St.3d 228, 2007-Ohio-4946, 874 N.E.2d 783 (public reprimand for failure to properly oversee IOLTA account given lack of aggravating factors and mitigating factors, including that attorney made timely and good-faith restitution, reconciled all account irregularities, and gave free and full disclosure for purposes of disciplinary proceedings);  *Akron Bar Assn. v. Holda*, 111 Ohio St.3d 418, 2006-Ohio-5860, 856 N.E.2d 973 (public reprimand for failure to keep retainer in a separate, identifiable bank account and neglect of divorce action where there were no aggravating factors and several mitigating factors, including the absence of any prior disciplinary proceedings against attorney and lack of dishonesty or selfishness).

{¶ 10} Therefore, on the board's recommendation, we accept the consent-to-discipline agreement.  For violations of Prof.Cond.R. 1.15(a)(2)(iv),

1.15(a)(3)(ii), and 1.15(c), we hereby order that respondent be publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

————————————

W. Breck Weigel and Jarrod M. Mohler, for relator.

John J. Helbling, pro se.

————————————