CINCINNATI BAR ASSOCIATION *v.* DAVIS.

[Cite as *Cincinnati Bar Assn. v. Davis,* 133 Ohio St.3d 525, 2012-Ohio-4998.]

*Attorneys—Misconduct—Failure to maintain professional-liability insurance and to preserve identity of client funds in a client trust account—One-year suspension, with six months stayed on condition.*

(No. 2012-0687—Submitted May 9, 2012—Decided October 30, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-111.

_____

**Per Curiam**.

{¶ 1} Respondent, Michael W. Davis of Fort Thomas, Kentucky, Attorney Registration No. 0016994, was admitted to the practice of law in Ohio in 1973. On December 5, 2011, relator, Cincinnati Bar Association, charged respondent with professional misconduct for failing to notify clients that he did not carry malpractice insurance, failing to deposit client funds in his interest-bearing client trust account, and providing in his fee contract for automatic withdrawal from representation when local rules required the filing of a motion to withdraw.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

{¶ 3} In the consent-to-discipline agreement, Davis stipulates to the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance), 1.15(a) (requiring a lawyer to preserve the identity of client funds in an interest-bearing client trust account, separate from

the lawyer's own property), and 1.16(c) (prohibiting a lawyer from withdrawing from representation in a proceeding without leave of court if the rules of the tribunal so require).

**{¶ 4}** The parties stipulate that respondent's commission of multiple offenses was an aggravating factor. *See* BCGD Proc.Reg. 10(B)(1)(d). The parties also stipulate that mitigating factors included respondent's absence of a prior disciplinary record and cooperative attitude toward the disciplinary proceedings. *See* BCGD Proc.Reg. 10(B)(2)(a) and (d). Based upon these factors, the parties stipulate that a one-year suspension with six months of the suspension stayed is the appropriate sanction for Davis's misconduct.

**{¶ 5}** The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. The panel and board considered several disciplinary cases, including *Cincinnati Bar Assn. v. Trainor*, 129 Ohio St.3d 100, 2011-Ohio-2645, 950 N.E.2d 524 (imposing a 24-month suspension, with 18 months stayed on conditions, on an attorney who failed to inform a client at the time of the client's engagement that he did not carry malpractice insurance and failed to promptly return funds that the client was entitled to receive); *Erie-Huron Counties Joint Certified Grievance Commt. v. Miles*, 76 Ohio St.3d 574, 669 N.E.2d 831 (1996) (imposing a one-year suspension on an attorney who commingled client and office funds in her escrow account, failed to properly return funds when requested, and failed to account for retained funds in a businesslike manner); *Toledo Bar Assn. v. Lubitsky,* 63 Ohio St.3d 669, 590 N.E.2d 746 (1992) (imposing a six-month suspension on an attorney who failed to escrow a retainer fee, failed to accurately account for a fee or return unused portions of the fee, and charged a clearly excessive fee); and *Cincinnati Bar Assn. v. Helbling*, 124 Ohio St.3d 510, 2010-Ohio-955, 924 N.E.2d 364 (imposing a public reprimand on an attorney who improperly used his client trust account).

We agree that Davis violated Prof.Cond.R. 1.4(c), 1.15(a), and 1.16(c) and, as stated in the parties' agreement and as indicated by the cited precedent, that this conduct warrants a one-year suspension from the practice of law with six months of the suspension stayed. Therefore, we adopt the parties' consent-to-discipline agreement.

**{¶ 6}** Accordingly, Davis is hereby suspended from the practice of law for a period of one year, with the final six months of the suspension stayed on the condition that Davis commit no further misconduct. If Davis fails to comply with the condition of the stay, the stay will be lifted, and Davis will serve the entire one-year suspension. Costs are taxed to Davis.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Beth Silverman and Richard J. Goldberg, for relator.

Michael W. Davis, pro se.

_____