TOLEDO BAR ASSOCIATION *v*. HETZER.

[Cite as *Toledo Bar Assn. v. Hetzer,* 137 Ohio St.3d 572, 2013-Ohio-5480.]

*Attorney misconduct, including failing to maintain an accurate record of funds held for each client and failing to safeguard funds held in escrow—Public reprimand.*

(No. 2013-0567—Submitted June 5, 2013—Decided December 19, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-004.

_____

**Per Curiam**.

{¶ 1} Respondent, Nicholas Wayne Hetzer of Sylvania, Ohio, Attorney Registration No. 0031302, was admitted to the practice of law in Ohio in 1978. In February 2012, a probable-cause panel of the Board of Commissioners on Grievances and Discipline certified that there was probable cause for filing relator's three-count formal complaint, which alleged that Hetzer had committed multiple violations of the Rules of Professional Conduct by (1) improperly deducting his legal fee from marital funds he held in trust for a divorce client and the client's spouse, (2) failing to safeguard the remaining escrowed funds and instead giving them directly to his client on the termination of their attorney-client relationship, (3) failing to timely deposit client funds into his client trust account, (4) failing to reconcile his client trust account on a monthly basis, and (5) failing to maintain accurate accounting statements for his client trust account.

{¶ 2} The parties submitted a timely consent-to-discipline agreement in which Hetzer stipulated that he had committed the charged misconduct and the parties agreed that a public reprimand was the appropriate sanction for his

misconduct. The panel recommended that the agreement be adopted, but the board rejected it and returned the matter to the panel for further proceedings.

{¶ 3} The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors. After conducting a hearing and receiving additional evidence after the hearing regarding the disposition of the marital funds distributed to Hetzer's former client, the panel made findings of fact and conclusions of law and recommended that Hetzer be publicly reprimanded for his misconduct. The board adopted the findings, conclusions, and recommendation of the panel. Having thoroughly reviewed the record, we adopt the board's findings of fact and misconduct and publicly reprimand Hetzer.

**Misconduct**

{¶ 4} Mark McKarus retained Hetzer on July 13, 2009, to represent him in a domestic-relations matter. At that time, McKarus gave Hetzer a $10,000 retainer. McKarus gave Hetzer an additional cash payment of $5,000 in September 2009, though Hetzer had not requested it. Hetzer admitted that he never deposited the $5,000 payment in his client trust account and that his receipt of those funds is not reflected on the escrow summary sheet where he kept records of the funds received from and expended on behalf of McKarus. He testified, however, that McKarus "got full and complete credit for that [$]5,000 in subsequent bills." Hetzer also stipulated that he did not perform a monthly reconciliation of his client trust account.

{¶ 5} On October 26, 2009, McKarus gave Hetzer a $64,762.12 check representing the proceeds from the sale of a marital asset—a boat. Hetzer did not deposit that check until January 27, 2010—one day after McKarus gave him a $5,400 check representing the proceeds from the sale of a Jeep, which was also a marital asset. Hetzer testified that there was no reason for the delayed deposit other than "general procrastination" and his belief that his relationship with McKarus might soon end.

{¶ 6} McKarus terminated Hetzer's representation on February 9, 2010. That day, Hetzer wrote a $4,277.50 check to himself for the balance of his fees, deducting that amount from the $70,162.12 in marital funds that he held on behalf of McKarus and his spouse. In addition to admitting that he had deducted his fees from the marital assets he held in trust, Hetzer admitted that he also had issued a check for the remaining balance—$65,884.62—directly to McKarus. Hetzer testified that when he advised McKarus that the funds needed to be turned over to his new counsel, McKarus insisted that Hetzer write the check out to him and that he would deliver it to his new attorney. Stipulated exhibits submitted by the parties following the panel hearing show that the full $70,162.12 was ultimately deposited into the trust account of McKarus's new counsel and that McKarus's spouse suffered no financial harm as a result of Hetzer's conduct.

{¶ 7} Hetzer acknowledged that his conduct was improper and stated that if he was confronted with a similar situation in the future, he would handle the matter differently. He suggested that he would get a pay-over order, transfer the funds into opposing counsel's trust account, or establish a separate account to prevent the funds from going directly to the client.

{¶ 8} Hetzer testified that he knew better than to withdraw his legal fees from escrowed funds or release escrowed funds directly to his client but that his actions were the result of anger, stupidity, and emotion. He stated that he was "so exasperated" at the conclusion of his relationship with McKarus that he "just wanted to close the chapter [on the] case" and so he had done "a very stupid thing that [he] would not do again."

{¶ 9} The parties stipulated and the board found that Hetzer's conduct violated Prof.Cond.R. 1.15(a) (requiring a lawyer to maintain a record for each bank account, maintain the current balance for each client, and perform a monthly reconciliation), 1.15(e) (requiring a lawyer in possession of funds in which two or more persons claim an interest to hold those funds in his client trust account until

the dispute is resolved), and 1.3 (requiring a lawyer to act with reasonable diligence in representing a client).

{¶ 10} We adopt the board's findings of fact and find that Hetzer violated Prof.Cond.R. 1.3 by failing to timely deposit McKarus's $5,000 payment and the proceeds from the sale of marital assets into his client trust account and violated Prof.Cond.R. 1.15(a) by failing to hold McKarus's property in an interest-bearing client trust account, separate from his own property. He also violated Prof.Cond.R. 1.15(a)(2)(ii) by failing to maintain an accurate record of the funds he received on McKarus's behalf, violated Prof.Cond.R. 1.15(a)(5) by failing to reconcile his client trust account on a monthly basis, and twice violated Prof.Cond.R. 1.15(e)—first, by paying his own fees with funds that he held in escrow for the benefit of the McKaruses, and then, by releasing the remainder of the escrowed funds directly to his client.

**Sanction**

{¶ 11} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 12} The parties stipulated that no aggravating factors exist in this case, and the board found none. Mitigating factors include the facts that Hetzer does not have a record of prior discipline, made full and free disclosure to the board and maintained a cooperative attitude toward the disciplinary proceedings, and submitted evidence of his strong character and reputation within the legal community. *See* BCGD Proc.Reg. 10(B)(2)(a), (d), and (e). Letters from four fellow attorneys generally describe Hetzer as a professional and competent

attorney, and several note his volunteer service on the substance-abuse committee of the Toledo Bar Association. A letter from Patricia Shordt Intagliata, director of the pro bono program for the Toledo Bar Association, thanks Hetzer for his service to the program.

{¶ 13} Scott Mote, executive director of the Ohio Lawyers Assistance Program ("OLAP"), submitted a letter to the panel, identifying Hetzer as a personal friend and a key resource for OLAP in the northwestern part of the state. He testified regarding Hetzer's involvement in the Lawyers Assistance Committee, a predecessor to OLAP, his participation in the formation of OLAP, and his ongoing volunteer work with the organization.

{¶ 14} Comparing the facts of this case to those in *Cincinnati Bar Assn. v. Helbling*, 124 Ohio St.3d 510, 2010-Ohio-955, 924 N.E.2d 364, the parties urged the panel to recommend a public reprimand for Hetzer's misconduct. Helbling had deposited client funds into his trust account and issued a check for litigation expenses on behalf of the client. But the check was returned for insufficient funds because Helbling had made several transfers of funds from his client trust account to his business account before the check was presented for payment. *Id.* at ¶ 4-5. We found that he violated Prof.Cond.R. 1.15(a)(2)(iv) by failing to maintain a record of one client's current balance and the trust account's outstanding checks, violated Prof.Cond.R. 1.15(a)(3)(ii) by failing to maintain a record of which client's funds were affected by each client-trust-account credit and debit, violated Prof.Cond.R. 1.15(c) by failing to maintain a client advance for litigation expenses in his client trust account, and violated Prof.Cond.R. 1.15(c) by causing a portion of one client's funds to cover the expenses of another client. *Id.* at ¶ 7. We publicly reprimanded Helbling, noting that there were no aggravating factors present and that mitigating factors included the absence of prior discipline, his cooperative attitude and full disclosure to the board, and his immediate action to

rectify the consequences of his misconduct. *Id.* at ¶ 8; *see also* BCGD Proc.Reg. 10(B)(2)(a), (c), and (d).

{¶ 15} The panel and board found that this case is analogous to *Helbling* and recommend that we publicly reprimand Hetzer for his misconduct. We adopt the board's reasoning and agree that a public reprimand is the appropriate sanction for Hetzer's misconduct.

{¶ 16} Accordingly, Nicholas Wayne Hetzer is publicly reprimanded for violating Prof.Cond.R. 1.3, 1.15(a), 1.15(a)(2)(ii), 1.15(a)(5), and 1.15(e). Costs are taxed to Hetzer.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

McKenny, Ernsberger & Grude, L.L.C., and David G. Grude; Law Offices of Margelefsky & Mezinko, L.L.C., and Vincent S. Mezinko; and Michael A. Bonfiglio, Bar Counsel, for relator.

Reminger Co., L.P.A., Nicholas D. Satullo, and Jonathan H. Krol, for respondent.

_____