COLUMBUS BAR ASSOCIATION v. SMITH.

[Cite as *Columbus Bar Assn. v. Smith,* 143 Ohio St.3d 436, 2015-Ohio-2000.]

(No. 2014–1741—Submitted January 14, 2015—Decided May 27, 2015.)

---

**Per Curiam.**

{¶ 1} Respondent, Gloria Lynn Smith of Columbus, Ohio, Attorney Registration No. 0061231, was admitted to the practice of law in Ohio in 1993. On November 14, 2013, relator, Columbus Bar Association, charged Smith with professional misconduct, alleging that she had failed to act with reasonable diligence in representing a client, failed to reasonably communicate with the client, and failed to take reasonable steps to protect the client's interest upon her withdrawal from the representation. Smith and relator subsequently submitted joint stipulations of fact, violations, aggravating and mitigating factors, and

reference letters and recommended that Smith be publicly reprimanded for her misconduct. A panel of the Board of Commissioners on Grievances and Discipline[1] unanimously accepted the parties' stipulations and recommended sanction, and the board adopted the panel report in its entirety.

{¶ 2} We adopt the parties' stipulations of fact and misconduct and publicly reprimand Smith.

## Misconduct

{¶ 3} The board summarized Smith's misconduct as failing to fulfill her obligations as counsel in the representation of two brothers in their respective habeas corpus cases. Although she promised to meet with the brothers to discuss their cases, she failed to do so.

{¶ 4} One of the brothers had filed a pro se petition for a writ of habeas corpus before Smith was hired, and the federal district court granted Smith an extension of time to file a response to a pleading in the action. However, Smith filed the response one day late and failed to present all of the client's claims.

{¶ 5} Smith did not timely inform her client of a magistrate's report and recommendation that concluded that the habeas corpus petition should be denied and that the judge should not grant a certificate of appealability. Nor did she provide him with a copy of the ruling. The district court judge denied the petition and refused to issue a certificate of appealability. Smith nonetheless obtained her client's authorization to appeal the ruling and filed a notice of appeal. But she did not respond to the client's inquiries regarding the status of the appeal or his requests for a copy of the certificate of appealability. On August 27, 2012, the client wrote to Smith requesting that she either respond to his inquiries or send him a copy of her motion to withdraw within ten days. She moved to withdraw as counsel on September 15, 2012, but she did not send her client a copy of the motion or take any steps to protect his interests upon filing her motion.

{¶ 6} Smith has admitted and the board has found that her conduct violated the following: Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), and 1.16(d) (requiring a

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest).

## Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc. Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.[2]

{¶ 8} The parties stipulated, and the board agreed, that the relevant mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Smith's full and free disclosure to the board and her cooperative attitude toward the disciplinary proceedings, evidence of her good character and reputation apart from the charged misconduct, and her acknowledgment and acceptance of full responsibility before the complaint was filed. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e). Additionally, the parties stipulated and the board found that no client was harmed by Smith's conduct. None of the aggravating factors set forth in BCGD Proc.Reg. 10(B)(1) are present.

{¶ 9} Based upon Smith's misconduct and the mitigating factors present, the parties agreed that the appropriate sanction is a public reprimand. The board agreed and cited *Columbus Bar Assn. v. Adusei*, 136 Ohio St.3d 155, 2013-Ohio-3125, 991 N.E.2d 1142 (publicly reprimanding an attorney who charged an excessive fee to a vulnerable client), and *Toledo Bar Assn. v. Hetzer*, 137 Ohio St.3d 572, 2013-Ohio-5480, 2 N.E.3d 247 (publicly reprimanding an attorney who committed several client-trust-account violations that did not cause financial harm to his client or other interested persons).

{¶ 10} We adopt the stipulations of the parties and find that Smith's conduct violated Prof.Cond.R. 1.3, 1.4(a)(2), 1.4(a)(3), 1.4(a)(4), and 1.16(d). Because we have imposed public reprimands for comparable misconduct in the past, we agree that a public reprimand is the appropriate sanction in this case. *See, e.g., Disciplinary Counsel v. Dundon*, 129 Ohio St.3d 571, 2011-Ohio-4199, 954 N.E.2d 1186 (publicly reprimanding an attorney who failed to act with reasonable diligence and promptness in representing a client, failed to reasonably consult with a client and keep the client reasonably informed about the status of the client's legal matter, and failed to comply with the client's reasonable requests for

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

information), and *Lake Cty. Bar Assn. v. Kubyn,* 121 Ohio St.3d 321, 2009-Ohio-1154, 903 N.E.2d 1215 (publicly reprimanding an attorney who failed to take reasonably practicable steps to protect the client's interests and failed to promptly return the unearned portion of his fee after the client had discharged him).

{¶ 11} Accordingly, Gloria Lynn Smith is hereby publicly reprimanded for her misconduct. Costs are taxed to Smith.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

The Baker Law Group and Andrew Baker; James E. Arnold & Associates, L.P.A., and David Winters; and Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

Chuparkoff & Junga, L.L.P., Mark A. Chuparkoff, and Christopher T. Junga, for respondent.