**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Trumbull Cty. Bar Assn. v. Bodor,* **Slip Opinion No. 2015-Ohio-3634.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3634

TRUMBULL COUNTY BAR ASSOCIATION *v.* BODOR.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Trumbull Cty. Bar Assn. v. Bodor,* Slip Opinion No. 2015-Ohio-3634.]**

*Attorneys—Misconduct—Failure to promptly refund unearned fee upon withdrawal from employment—Public reprimand.*

(No. 2015-0276—Submitted April 14, 2015—Decided September 9, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-048.

_____

**Per Curiam.**

{¶ 1} Respondent, Csaba Andrew Bodor of Warren, Ohio, Attorney Registration No. 0025613, was admitted to the practice of law in Ohio in 1972. On July 2, 2014, relator, Trumbull County Bar Association, charged Bodor with violating four Rules of Professional Conduct in his handling of a client's fee. Bodor and relator subsequently submitted joint stipulations of fact, a single

violation, and aggravating and mitigating factors, and they recommended that Bodor be publicly reprimanded for his misconduct. Relator agreed to withdraw the remaining alleged violations. A panel of the Board of Professional Conduct unanimously accepted the parties' stipulations and recommended sanction, and the board adopted the panel report in its entirety.

{¶ 2} We agree with the recommendation of the board, adopt the parties' stipulations of fact and misconduct, and publicly reprimand Bodor.

**Misconduct**

{¶ 3} In October 2010, Howard Baldwin retained Bodor to file a Chapter 13 bankruptcy on his behalf. He signed a fee agreement agreeing to pay $3,000 for Bodor's services—the standard fee set by the relevant bankruptcy court for a Chapter 13 filing at that time. Baldwin paid $250 a month from October 2010 through March 2011, for a total of $1,500, and Bodor deposited those payments in his client trust account.

{¶ 4} Baldwin contacted Bodor and others in Bodor's office on numerous occasions to provide information relevant to his bankruptcy, but he did not provide all of the information necessary to prepare and file the bankruptcy petition. Baldwin scheduled a time to meet with Bodor on March 14, 2012, to clarify what was required to move forward with his bankruptcy. But on March 9, 2012, Bodor sent Baldwin a letter terminating his representation and canceling that appointment. Bodor failed to provide Baldwin with an accounting of the $1,500 he had paid and failed to promptly refund any unearned portion of the fee. When Bodor did not respond to Baldwin's request for a refund, Baldwin filed a grievance with relator. Two months after Bodor terminated the representation, he sent Baldwin a $550 refund. He provided an accounting to relator during its investigation.

{¶ 5} The parties stipulated and the board found that Bodor's conduct violated Prof.Cond.R. 1.16(e) (requiring a lawyer to promptly refund any

unearned fee upon the lawyer's withdrawal from employment). Relator agreed to withdraw the remaining alleged violations.

**Sanction**

**{¶ 6}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

**{¶ 7}** The parties stipulated, and the board agreed, that the relevant mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Bodor's effort to rectify the consequences of his misconduct and his reimbursement of unearned legal fees and expenses, his full and free disclosure to the board and his cooperative attitude toward the disciplinary proceedings, and evidence of his good character and reputation apart from the charged misconduct. *See* Gov.Bar R. V(13)(C)(1) through (5). Other than the two-month delay in obtaining the unearned portion of his retainer, Baldwin suffered no harm as a result of Bodor's conduct, and none of the aggravating factors set forth in Gov.Bar R. V(13)(B) are present.

**{¶ 8}** Based upon Bodor's misconduct and the presence of significant mitigating factors, the parties agreed that the appropriate sanction is a public reprimand. The board agreed and, in support of the recommendation, cited *Lake Cty. Bar Assn. v. Kubyn*, 121 Ohio St.3d 321, 2009-Ohio-1154, 903 N.E.2d 1215. In that case, we publicly reprimanded Kubyn for failing to promptly return unearned fees and failing to take reasonable steps to protect his client's interest after the client had discharged him. There were no aggravating factors and the mitigating factors were similar to those found here.

{¶ 9} We adopt the board's findings of fact, find that Bodor's conduct violated Prof.Cond.R. 1.16(e), and dismiss the remaining allegations contained in the complaint. Because we imposed a public reprimand for comparable misconduct in *Kubyn*, we agree that a public reprimand is the appropriate sanction here.

{¶ 10} Accordingly, Csaba Andrew Bodor is hereby publicly reprimanded for his misconduct. Costs are taxed to Bodor.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Randil J. Rudloff, for relator.

Thomas J. Wilson, for respondent.

_____