**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Trumbull Cty. Bar Assn. v. Biviano,* **Slip Opinion No. 2015-Ohio-4308.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4308

TRUMBULL COUNTY BAR ASSOCIATION *v*. BIVIANO.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Trumbull Cty. Bar Assn. v. Biviano,* Slip Opinion No. 2015-Ohio-4308.]**

*Attorneys—Misconduct—Failure to promptly return unearned portion of retainer—Public reprimand.*

(No. 2015-0299—Submitted April 14, 2015—Decided October 21, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-044.

_____

**Per Curiam**.

{¶ 1} Respondent, William Richard Biviano of Warren, Ohio, Attorney Registration No. 0017984, was admitted to the practice of law in Ohio in 1974.

{¶ 2} In a complaint filed with the Board of Commissioners on Grievances and Discipline[1] on June 9, 2014, relator, Trumbull County Bar Association, alleged that Biviano violated five Rules of Professional Conduct in concluding his representation in a child-custody matter. The parties entered into stipulations of fact, agreed that Biviano failed to promptly refund the unearned portion of his retainer in violation of Prof.Cond.R. 1.16(e), agreed that the remaining alleged violations should be dismissed, and jointly recommended that Biviano be publicly reprimanded for his misconduct. Based on the parties' stipulations and Biviano's testimony, the panel made findings of fact, found that Biviano's conduct violated Prof.Cond.R. 1.16(e), dismissed four other alleged rule violations, and recommended that Biviano be publicly reprimand for his misconduct. The board adopted the panel report in its entirety. We adopt the board's findings of fact and misconduct and agree that a public reprimand is the appropriate sanction in this case.

**Misconduct**

{¶ 3} Jamie Smith retained Biviano to represent her in a child-custody matter in September 2010. On January 10, 2012, Biviano sent Smith a letter stating that he understood that she had reconciled with the child's father and requesting documentation from her so that he could close her file. Smith responded to Biviano's correspondence in a January 20, 2012 e-mail and requested that he close her file and return the unearned portion of her retainer.

{¶ 4} On March 22, 2012, Smith again requested that Biviano close her file. He responded that day, advising her that he would close her file and that she would be contacted. Having heard nothing further from Biviano, Smith e-mailed him on July 24 and August 20, but she did not receive a response to either e-mail.

---

[1] Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

Consequently, she filed a grievance with relator on September 24, 2012. Biviano provided an itemized account of his billing in the matter and returned the unearned portion of Smith's retainer on October 5, 2012.

**{¶ 5}** The parties stipulated and the board found that Biviano violated Prof.Cond.R. 1.16(e) by failing to promptly refund the unearned portion of his retainer.

### Sanction

**{¶ 6}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

**{¶ 7}** Here the parties stipulated and the board found that the relevant mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Biviano's timely good-faith effort to rectify the consequences of his misconduct, his full and free disclosure to the board and his cooperative attitude in the proceedings, and his good character and reputation apart from the charged misconduct. *See* Gov.Bar R. V(13)(C)(1), (2), (3), (4), and (5).

**{¶ 8}** In support of the recommended sanction of a public reprimand, the board cites *Lake Cty. Bar Assn. v. Kubyn*, 121 Ohio St.3d 321, 2009-Ohio-1154, 903 N.E.2d 1215 (publicly reprimanding an attorney who, on his discharge from employment, failed to take reasonably practicable steps to protect his client's interests and failed to promptly return any unearned portion of his fee).

**{¶ 9}** We adopt the board's findings of fact and misconduct and agree that a public reprimand is the appropriate sanction for Biviano's misconduct.

**{¶ 10}** Accordingly, William Richard Biviano is publicly reprimanded for his misconduct. Costs are taxed to Biviano.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Flevares Law Firm, L.L.C., and William M. Flevares, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., and Jonathan E. Coughlan, for respondent.

_____