[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Callahan,* Slip Opinion No. 2017-Ohio-5700.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-5700

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* CALLAHAN.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Callahan,* Slip Opinion No. 2017-Ohio-5700.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to act with reasonable diligence in representing two clients—Public reprimand.*

(No. 2017-0223—Submitted April 5, 2017—Decided July 6, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-046.

_____

**Per Curiam.**

{¶ 1} Respondent, Michael William Callahan, of Cleveland, Ohio, Attorney Registration No. 0051964, was admitted to the practice of law in Ohio in 1991.  On October 5, 2016, relator, Cleveland Metropolitan Bar Association, charged

Callahan with professional misconduct based on his neglect of the personal-injury claims of two clients.

{¶ 2} A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 3} In their consent agreement, the parties stipulate that Natasha Moore and her minor daughter, LaShierry Thompson-Moore, hired Callahan to represent them in personal-injury matters following an August 2012 automobile accident. Callahan had minimal contact with Moore from the time she completed her medical treatment in October 2012 until he submitted a demand package to an insurance adjuster employed by the other driver's insurance company on May 8, 2014. The insurer never made a settlement offer, and Callahan failed to file a lawsuit before the statute of limitations expired on Moore's claim. Consequently, Moore's action is time barred.

{¶ 4} Upon realizing that the statute of limitations had elapsed, Callahan called Moore to report his error. He offered to pay her $1,500 for her noneconomic damages and to have her medical bills paid, but he did not advise her in writing that she should consult with independent counsel before settling her possible legal-malpractice claim against him. Moore accepted Callahan's settlement offer. Callahan did not pay the agreed amount and failed to inform Moore that her own insurance company later rejected as untimely the medical bills he had submitted because the statute of limitations on her personal-injury claim had expired.

{¶ 5} After Moore filed a grievance with relator, Callahan reported his errors to his professional-liability-insurance carrier and retained counsel. Moore retained new counsel to resolve her legal-malpractice claim against Callahan. That claim has been settled and paid in full.

{¶ 6} Callahan waited two years and nine months after the accident to file a complaint in the Sandusky County Court of Common Pleas on behalf of Thompson-Moore and filed it just one day before her 20th birthday—the date the statute of

2

limitations would have expired. He did not attend a scheduled pretrial conference even though he had received a scheduling notice. After he failed to participate in another pretrial conference by telephone, the judge presiding over the case ordered him to appear and show cause for his absences.

{¶ 7} In accordance with Thompson-Moore's wishes, the judge issued an order for Callahan to withdraw from her case and to facilitate the transfer of the case file to new counsel. But instead of withdrawing, Callahan filed a Civ.R. 41(A) notice of voluntary dismissal. The court struck the notice of voluntary dismissal from the record and ordered Callahan to show cause why he should not be held in contempt for failing to abide by the court's order to withdraw from the representation. Thereafter, Callahan filed a motion to withdraw from the case and sent letters of explanation and apology to the judge stating that he had not meant to defy the court's order to withdraw when he filed the notice of voluntary dismissal and a letter of apology to Thompson-Moore. The court granted his motion to withdraw and dismissed the contempt charge. Thompson-Moore retained new counsel, settled her personal-injury claim, and is satisfied with the settlement.

{¶ 8} Callahan admits that his conduct in these two cases violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.8(h)(2) (prohibiting a lawyer from settling a potential malpractice claim without notifying the client in writing that the client should seek independent counsel).

{¶ 9} The parties agree that no aggravating factors are present in this case. *See* Gov.Bar R. V(13)(B). They also stipulate that relevant mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Callahan's timely, good-faith effort to make restitution and rectify the consequences of his misconduct, and his full and free disclosure to relator and his cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R.

V(13)(C)(1) through (4). Additional stipulated mitigating factors include the absence of lasting harm to the affected clients and Callahan's acquisition and use of law-practice-management software to avoid similar problems in the future.

{¶ 10} The parties note that we have publicly reprimanded attorneys who have engaged in comparable misconduct and stipulate that that is the appropriate sanction in this case. *See*, *e.g.*, *Mahoning Cty. Bar Assn. v. Bernard*, 98 Ohio St.3d 414, 2003-Ohio-1483, 786 N.E.2d 450 (publicly reprimanding an attorney who failed to reasonably communicate with a client and settled and dismissed a personal-injury case without the client's knowledge or consent); *Lorain Cty. Bar Assn. v. Nelson*, 144 Ohio St.3d 414, 2015-Ohio-4337, 44 N.E.3d 268 (publicly reprimanding an attorney whose misconduct included neglecting a single client matter, failing to reasonably communicate with the client, and failing to deliver all of the papers and property to which the client was entitled upon termination of the representation).

{¶ 11} The panel and the board considered three additional cases in which we have publicly reprimanded attorneys for comparable misconduct, *see Cleveland Metro Bar Assn. v. Sweeney*, 146 Ohio St.3d 335, 2016-Ohio-469, 56 N.E.3d 932; *Columbus Bar Assn. v. Smith*, 143 Ohio St.3d 436, 2015-Ohio-2000, 39 N.E.3d 488; *Disciplinary Counsel v. Dundon*, 129 Ohio St.3d 571, 2011-Ohio-4199, 954 N.E.2d 1186, found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16), and recommend that we adopt the agreement in its entirety.

{¶ 12} We agree that Callahan's conduct violated Prof.Cond.R. 1.3, 1.4(a)(3), and 1.8(h)(2) and that a public reprimand is the appropriate sanction for his misconduct. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 13} Accordingly, Michael William Callahan is hereby publicly reprimanded. Costs are taxed to Callahan.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Heather M. Zirke, Bar Counsel, and Kari L. Burns, Assistant Bar Counsel, for relator.

Mazanec, Raskin & Ryder Co., L.P.A., and Joseph F. Nicholas Jr., for respondent.

_____