OFFICE OF DISCIPLINARY COUNSEL *v.* HOAGUE.

[Cite as *Disciplinary Counsel v. Hoague* (2000), 88 Ohio St.3d 321.]

(No. 99–1498—Submitted October 12, 1999—Decided March 29, 2000.)

322

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Kenneth R. Donchatz,* Assistant Disciplinary Counsel, for relator.

*Geoffrey Stern,* for respondent.

---

*Per Curiam.* We adopt the findings of the board. Respondent misused the authority of his judicial office in an attempt to achieve his personal goal of reprimanding persons he believed were guilty of reckless driving.

A judge who observes a crime outside the courtroom has only the power of an ordinary citizen. Respondent's proper course would have been to file charges against Panescu and Brown. Instead, respondent used the power of his office to achieve his personal ends. On court letterhead he made false statements to intimidate Panescu and Brown into appearing before him so that he could personally reprimand them. The language in respondent's letter, "a complaint has been made with the Ohio State Highway Patrol," and "[i]f you wish to avoid possible *further legal action* " (emphasis added), implies, if it does not state, that Panescu had already been charged with a crime.

Additionally, respondent's official-sounding jargon, "[it] is alleged" and "[t]his matter is now under investigation," together with the threat of impounding Panescu's automobile unless she appeared before him, constituted further intimidating language. To this should be added the fact that respondent was the only municipal judge on the court and the person who Panescu and Brown might assume would rule on their case.

For writing this letter respondent was properly convicted of the misdemeanor of coercion.

But respondent did more. When Panescu and Brown appeared in his courtroom, they sat at the defendant's table while he sat at the bench. Without informing them of the right to counsel, respondent conducted an arrogant inquisition, finally threatening to contact their employer about their driving habits, a threat which he apparently later attempted to carry out. He was bound

by no evidentiary rules, nor was there a judge or arbiter present to whom Panescu and Brown could appeal for protection against unfair interrogation.

Contrary to respondent's belief as expressed to the board even after his letter of apology, we find, as did the board, that neither writing the letter to Panescu nor holding the inquisitory hearing was within the bounds of his legal authority. We conclude that respondent failed to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

As we recently noted in *Disciplinary Counsel v. Ferreri* (1999), 85 Ohio St.3d 649, 654, 710 N.E.2d 1107, 1111, although a judge may feel strongly about violations of the law, "strong feelings do not excuse a judge from complying with the judicial canons and the Disciplinary Rules." Respondent's conduct in this case warrants a more severe sanction than recommended by the board. Respondent is hereby suspended from the practice of law for six months with the entire six months stayed, provided that during the six-month period respondent engages in no further violations of the Code of Judicial Conduct. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY and PFEIFER, JJ., dissent and would publicly reprimand respondent.