**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Trumbull Cty. Bar Assn. v. Masek,* **Slip Opinion No. 2016-Ohio-3350.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3350

TRUMBULL COUNTY BAR ASSOCIATION *v.* MASEK.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Trumbull Cty. Bar Assn. v. Masek,* **Slip Opinion No. 2016-Ohio-3350.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct—Public reprimand.*

(No. 2015-2003—Submitted January 6, 2016—Decided June 14, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-045.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Raymond John Masek of Warren, Ohio, Attorney Registration No. 0041023, was admitted to the practice of law in Ohio in 1977.  On August 7, 2015, relator, Trumbull County Bar Association, charged Masek with professional misconduct after he was retained by a client to handle a wrongful-termination-of-employment case.  After filing a lawsuit against the client's former

employer, Masek made a $7,000 settlement demand. A disagreement subsequently arose between Masek and his client as to whether Masek had authority to settle the client's case for only a monetary settlement instead of also demanding that the client get his job back. After the client rejected the monetary offer, the former employer made a motion to the court to enforce the settlement that Masek had tendered. During a hearing on the motion, Masek requested, and was allowed, to withdraw as the client's attorney.

{¶ 2} A panel of the Board of Professional Conduct considered this cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 3} In the consent-to-discipline agreement, Masek stipulates to most of the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest). In addition, the parties agree to the dismissal of the alleged violations of Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.6(a) (prohibiting a lawyer from revealing confidential client information without informed consent), 1.6(c) (requiring a lawyer to make reasonable efforts to prevent the inadvertent or unauthorized disclosure of information related to the representation of a client), and 1.7(a)(2) (prohibiting representation if a lawyer's personal interests will materially limit the lawyer's ability to carry out appropriate action for the client).

{¶ 4} The parties stipulate that the mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Masek's full and free disclosure to the board and his cooperative attitude toward the proceedings, the absence of any prejudice or damage to his client, and his willingness to accept responsibility for his actions. *See* Gov.Bar R. V(13)(C)(1), (2), and (4). The parties agree that there are no aggravating factors. Based on Masek's stipulated misconduct and the mitigating factors, the parties stipulate that the appropriate sanction for Masek's misconduct is a public reprimand.

{¶ 5} The panel and the board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety. In support of this recommendation, the parties cited *Cuyahoga Cty. Bar Assn. v. Leneghan*, 117 Ohio St.3d 103, 2008-Ohio-506, 881 N.E.2d 1241 (public reprimand was the appropriate sanction for an attorney who failed to either pursue a client's criminal appeal or properly withdraw from the case), *Cuyahoga Cty. Bar Assn. v. Ballou*, 109 Ohio St.3d 152, 2006-Ohio-2037, 846 N.E.2d 519 (public reprimand was the appropriate sanction for an attorney who failed to appear on his client's behalf at an eviction proceeding without having provided prior written confirmation of his decision to withdraw), and *Lake Cty. Bar Assn. v. Kubyn*, 121 Ohio St.3d 321, 2009-Ohio-1154, 903 N.E.2d 1215 (public reprimand was the appropriate sanction for an attorney who, upon his discharge from employment, failed to take reasonably practicable steps to protect his client's interests and failed to promptly return any unearned portion of his fee). In addition, the panel relied on *Columbus Bar Assn. v. Smith*, 143 Ohio St.3d 436, 2015-Ohio-2000, 39 N.E.3d 488 (public reprimand was the appropriate sanction for an attorney who failed to keep two brothers informed about the status of their respective habeas corpus cases and failed to take reasonable steps to protect their interests upon her withdrawal from representation).

{¶ 6} We agree that Masek violated Prof.Cond.R. 1.16(d) and, as stated in the parties' agreement and as indicated by the cited precedents, that this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement, including the agreed dismissal of certain alleged violations.

{¶ 7} Accordingly, Raymond John Masek is hereby publicly reprimanded for his misconduct.

{¶ 8} Costs are taxed to Masek.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents and would dismiss the cause.

_____

Randil J. Rudloff, for relator.

Gallagher Sharp, Alan M. Petrov, and Matthew T. Norman, for respondent.

_____