**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Elum,* **Slip Opinion No. 2016-Ohio-8256.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8256

DISCIPLINARY COUNSEL *v*. ELUM.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Elum,* Slip Opinion No. 2016-Ohio-8256.]**

*Judges—Misconduct—Violations of the Code of Judicial Conduct and the Rules of Professional Conduct—Conditionally stayed one-year suspension.*

(No. 2016-0848—Submitted August 17, 2016—Decided December 21, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-069.

_____

**Per Curiam.**

{¶ 1} Respondent, Judge Edward Joseph Elum of Massillon, Ohio, Attorney Registration No. 0010772, was admitted to the practice of law in Ohio in 1977. He has served as a Massillon Municipal Court judge since 1996. In October 2012, we found that he violated the Code of Judicial Conduct and the Rules of Professional Conduct for, among other things, unnecessarily injecting himself into an internal

police-department investigation, using vulgar and intemperate language toward a probationer in his courtroom, and conducting that individual's probation review without the presence of his counsel or the prosecutor. *Disciplinary Counsel v. Elum*, 133 Ohio St.3d 500, 2012-Ohio-4700, 979 N.E.2d 289. We sanctioned Judge Elum with a stayed six-month suspension for this misconduct. *Id.* at ¶ 27.

{¶ 2} In November 2015, relator, disciplinary counsel, filed another complaint against Judge Elum, charging him with judicial and professional misconduct for appearing to advocate on behalf of a tenant in a landlord-tenant dispute. The parties entered into stipulations of fact and misconduct and, as a sanction, recommended that Judge Elum serve a stayed six-month suspension. After a hearing, the Board of Professional Conduct issued a report finding that Judge Elum engaged in the stipulated misconduct and recommending that we impose a stayed one-year suspension on the judge. Neither party objected to the board's report and recommendation.

{¶ 3} Based on our review of the record, we accept the board's findings of misconduct and agree with its recommended sanction.

**Misconduct**

{¶ 4} On May 11, 2015, Antonio Pettis approached Judge Elum in the Massillon Municipal Court parking lot and requested the judge's legal assistance regarding a dispute with his landlord, Susan Beatty. Pettis told Judge Elum that although he had money to pay his rent, Beatty would not accept it. Judge Elum recognized Pettis because the day before, the judge's wife, a former school teacher, had invited Pettis into the judge's home to assist him with a scholarship application. In the parking lot, Judge Elum agreed to help Pettis and took him into his chambers.

{¶ 5} Judge Elum then called Beatty and, according to the judge, identified himself as "Eddie Elum from the Massillon Court." Judge Elum urged Beatty to accept Pettis's late rent payment. After Beatty told the judge that Pettis had violated his lease and that she had already given him a three-day notice to vacate, the judge

proceeded to discuss with Beatty the amount of Pettis's security deposit and inquired whether she would give him two additional days to remove his belongings from the property. During the nine-minute phone call, Judge Elum openly, and within Beatty's hearing, consulted with Pettis. At one point, Beatty told Judge Elum that she may have already changed the locks on the property, and the judge responded that she could not do that without a writ of restitution. The judge also asked that she have her lawyer contact him.

**{¶ 6}** Pettis moved out of the rental property the following day, and according to Beatty, he left furniture and trash on the lawn, which required her to rent a dumpster. Judge Elum later called Beatty on two occasions—purportedly to inquire whether the matter was resolved and to inform her that he had not heard from her lawyer. Beatty, however, did not return the judge's phone calls. Beatty was surprised and intimidated by Judge Elum's initial phone call and felt bullied in light of the fact that he was a judge. She later filed the grievance that initiated this disciplinary action.

**{¶ 7}** Since then, Judge Elum has admitted that calling Beatty was a mistake, that he should not have injected himself into a dispute that was not on his docket, and that he was not an appropriate person to mediate the disagreement between Pettis and Beatty. At his disciplinary hearing, the judge also testified that he understood how Beatty could have perceived his phone call as advocating on behalf of Pettis and against her. The judge stated:

> As a lawyer, I have been trained to resolve disputes. As a judge, I know I've got to step back and can't get involved.
>
> Unfortunately, I let my heart do my thinking for me. And I went and tried to put two people together to resolve a rental dispute that got way out of hand because there was a lot of facts that I was

not privy to. And I got myself in quicksand and I made a terrible mistake.

**{¶ 8}** Based on this conduct, the parties stipulated and the board found that Judge Elum violated Jud.Cond.R. 1.2 (requiring a judge to act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and to avoid impropriety and the appearance of impropriety), 3.1(C) (prohibiting a judge from participating in activities that would appear to a reasonable person to undermine the judge's independence, integrity, or impartiality), and 3.1(D) (prohibiting a judge from engaging in conduct that would appear to a reasonable person to be coercive) and Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). We agree with these findings of misconduct.

### Sanction

**{¶ 9}** When imposing sanctions for judicial misconduct, we consider several relevant factors, including the ethical duties that the judge violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See Disciplinary Counsel v. Oldfield*, 140 Ohio St.3d 123, 2014-Ohio-2963, 16 N.E.3d 581, ¶ 17.

*Aggravating and mitigating factors*

**{¶ 10}** The board found one aggravating factor: that Judge Elum has prior discipline. *See* Gov.Bar R. V(13)(B)(1). In mitigation, the board found that Judge Elum lacked a dishonest or selfish motive, he cooperated with relator's investigation and in the disciplinary proceedings, and he submitted a significant amount of character and reputation evidence. *See* Gov.Bar R. V(13)(C)(2), (4), and (5).

*Applicable precedent*

{¶ 11} To support its recommended sanction, the board primarily relied on *Disciplinary Counsel v. Hoague*, 88 Ohio St.3d 321, 725 N.E.2d 1108 (2000), and *Disciplinary Counsel v. Gaul*, 127 Ohio St.3d 16, 2010-Ohio-4831, 936 N.E.2d 28, which involve judges misusing the power of their offices.

{¶ 12} In *Hoague*, a judge sent a letter on court letterhead to an individual whose vehicle he had observed being driven recklessly. In his letter, the judge threatened to arrest the individual and impound her vehicle unless she appeared before him or contacted his office. When the individual appeared before the judge with her co-worker who had been driving the vehicle, the judge conducted an inquisition of them in his courtroom and threatened to contact their employer about their driving habits. We found that the judge "misused the authority of his judicial office in an attempt to achieve his personal goal of reprimanding persons he believed were guilty of reckless driving," and we sanctioned him with a stayed six-month suspension. *Hoague* at 323-324.

{¶ 13} In *Gaul*, a judge suspected that a defendant had somehow prevented his alleged victims—an 83-year-old woman and her caregiver—from attending and testifying at trial. The judge made highly prejudicial and unnecessary comments to the defendant, such as accusing him of obstruction of justice and kidnapping, without any proof in the record. The judge also told his bailiff to inform the media that he would be issuing an Amber Alert to locate the missing victims. Although the judge never officially issued the alert—because he had no authority to do so— we found that the judge's "misuse of the name of the service, in his judicial role, to attract media attention eroded public confidence in the integrity and impartiality of the judiciary." *Gaul* at ¶ 57. We also noted that the judge "acted on emotion * * * rather than on evidence and careful deliberation," and we sanctioned him with a stayed six-month suspension. *Id.* at ¶ 72, 80.

**{¶ 14}** The board found that the circumstances here are similar to those in *Hoague* and *Gaul* because each of the three cases arose out of an isolated incident of judicial misconduct. The judges in *Hoague* and *Gaul*, however, lacked any prior discipline. *See Hoague*, 88 Ohio St.3d at 323, 725 N.E.2d 1108; *Gaul* at ¶ 75. The board concluded that a more serious sanction is warranted in Judge Elum's case because of his prior discipline for similar misconduct. Accordingly, the board recommended a stayed one-year suspension.

**{¶ 15}** Jud.Cond.R. 1.2 provides that a judge must "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." This duty applies to the judge's public and private life, and therefore judges must accept off-the-bench restrictions on their behavior that do not apply to other lawyers. *See* Jud.Cond.R. 1.2 comment 2. This is the second case in which Judge Elum has failed to appreciate those restrictions and the scope of his judicial role. Such conduct weakens the public's perception of the integrity and impartiality of the judiciary. Although Judge Elum's actions in this case were comparable to— if not less egregious than—the judicial misconduct in *Hoague* or *Gaul*, we agree with the board that a harsher sanction is warranted based on his prior discipline.

### Conclusion

**{¶ 16}** Having considered Judge Elum's ethical infractions, the aggravating and mitigating factors, and the sanctions imposed in comparable cases, we adopt the board's recommended sanction. Judge Edward Joseph Elum is hereby suspended from the practice of law for one year, with the entire suspension stayed on the condition that he commit no further misconduct. If Judge Elum fails to comply with this condition, the stay will be lifted and he shall serve the entire one-year suspension. Costs are taxed to Judge Elum.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., dissents and would suspend respondent for one year with six months stayed.

_____

Scott J. Drexel, Disciplinary Counsel, and Audrey E. Varwig, Assistant Disciplinary Counsel; and Law Office of William A. Morse and Kevin L. Williams, for relator.

Montgomery, Rennie & Jonson, L.P.A., George D. Jonson, and Brian M. Spiess, for respondent.

_____