**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Hoague*, **Slip Opinion No. 2020-Ohio-847.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-847

DISCIPLINARY COUNSEL *v*. HOAGUE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Hoague*, Slip Opinion No. 2020-Ohio-847.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Two-year suspension.*

(No. 2019-1371—Submitted November 13, 2019—Decided March 11, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-017.

_____

**Per Curiam.**

{¶ 1} Respondent, Michael Christopher Hoague, of Hilliard, Ohio, Attorney Registration No. 0024771, was admitted to the practice of law in Ohio in 1983.  On March 29, 2000, based on findings that he had misused the authority of his office while serving as a municipal-court judge, we imposed a six-month conditionally stayed suspension on his license to practice law.  *See Disciplinary Counsel v. Hoague*, 88 Ohio St.3d 321, 725 N.E.2d 1108 (2000).  On December 12, 2017, we

again suspended his license for an interim period after he was convicted of felony counts of tampering with records and theft in connection with an application for court-appointed-counsel fees. *See In re Hoague*, 151 Ohio St.3d 1461, 2017-Ohio-8953, 87 N.E.3d 226. That suspension remains in effect.

{¶ 2} In a formal complaint filed with the Board of Professional Conduct on April 1, 2019, relator, disciplinary counsel, charged Hoague with four violations of the Rules of Professional Conduct arising from his 2017 criminal convictions.

{¶ 3} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors, and Hoague testified at a hearing before a panel of the board. The board issued a report in which it found that Hoague had engaged in the stipulated misconduct and recommended that he be suspended from the practice of law for two years, that he receive credit for the time he served under his interim felony suspension, and that he be required to complete six hours of continuing legal education ("CLE") focused on ethics and professionalism. No objections have been filed.

{¶ 4} Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction, with the exception that we do not credit Hoague for the time he served under his interim felony suspension.

**Misconduct**

{¶ 5} In January 2012, Shirley and Burton Hamon asked Hoague to defend their son in a pending criminal case. At that time, the Hamons' son was being represented by a public defender. Hoague orally agreed to undertake the representation for a flat fee of $10,000, with an initial payment of $4,000 followed by monthly installments of $500. On February 3, Hoague attended a pretrial hearing and spoke briefly with the Hamons' son, but he sat in the gallery while the public defender handled the case.

{¶ 6} The Hamons paid Hoague's $4,000 retainer at the end of February, and in mid-April, Hoague filed a notice of special, limited appearance of cocounsel

2

stating that he would assist the assigned public defender with motions practice and trial preparation. Following Hoague's appearance in the case, the prosecutor expressed concern at an informal hearing that public funds were being used to provide legal representation to the Hamons' son. At that time, Hoague represented that the Hamons were "trying to make arrangements to retain his services to assist in the matter" and stated that he was not asking the court to appoint him as counsel. But he did not reveal that the Hamons had already retained him and paid him $4,000.

{¶ 7} On May 3, 2012, the public defender filed a motion to appoint Hoague as cocounsel in the case. At a hearing on that motion, Hoague stated that he was not seeking court appointment and reiterated his claim that the Hamon family was "trying to make arrangements" to privately retain him. The court, however, granted the motion. Hoague neither refused the appointment nor disclosed that he had already been privately retained by the Hamons. Thereafter, he served as lead counsel during the Hamons' son's jury trial.

{¶ 8} At the conclusion of Hoague's representation in June 2013, he filed with the court a motion for extraordinary fees and requested approval of a $6,160 fee. He also filed a motion, entry, and certification for appointed-counsel fees in which he certified that he had received no other compensation in connection with the Hamons' case. He did not disclose that he had already received $8,000 directly from the Hamons. The court approved Hoague's motion and awarded him $5,000 in court-appointed-counsel fees on July 2, 2013. In the following months, he received two more $500 checks from the Hamons and cashed one of them.

{¶ 9} The prosecutor subsequently discovered that Hoague had received both public and private compensation for his representation of the Hamons' son and referred the matter to the Ohio Attorney General for investigation and prosecution. On February 24, 2017, Hoague was indicted on two counts of tampering with records and two counts of theft, all arising from his application and

certification for appointed-counsel fees in the Hamon case. A jury found him guilty of one count of each offense. In January 2018, the trial court sentenced him to serve up to five years of community control and ordered him to pay restitution of $5,000 to the state, which he promptly did. The Fifth District Court of Appeals affirmed Hoague's convictions, and this court declined to review that decision. *State v. Hoague*, 5th Dist. Delaware No. 18 CAA 02 0012, 2018-Ohio-5380, *appeal not accepted*, 155 Ohio St.3d 1438, 2019-Ohio-1536, 121 N.E.3d 1438. The trial court terminated his community control in January 2019.

{¶ 10} Based on the foregoing, the parties stipulated and the board found that Hoague violated Prof.Cond.R. 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). We adopt these findings of misconduct.

**Sanction**

{¶ 11} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 12} As aggravating factors, the parties stipulated and the board found that Hoague has a prior disciplinary history, acted with a dishonest or selfish motive, and committed multiple offenses. *See* Gov.Bar R. V(13)(B)(1), (2), and (4).

{¶ 13} In mitigation, the parties stipulated and the board found that Hoague made full and prompt restitution to the state, made full and free disclosure to the board and exhibited a cooperative attitude toward the disciplinary proceedings,

submitted several letters regarding his good character and reputation, and had other penalties or sanctions imposed for his misconduct. *See* Gov.Bar R. V(13)(C)(3), (4), (5), and (6).

{¶ 14} At the panel hearing, the parties jointly recommended that Hoague be suspended from the practice of law for two years and that he receive credit for the time he served under his interim felony suspension. In determining the appropriate sanction for Hoague's misconduct, the board found two cases involving attorneys who overbilled for court-appointed work to be particularly instructive.

{¶ 15} In *Disciplinary Counsel v. Holland*, 106 Ohio St.3d 372, 2005-Ohio-5322, 835 N.E.2d 361, the attorney inflated his fees by requesting court-appointed-counsel fees for multiple clients for the same hours. If he spent three hours in court on a given day, he billed the entire three hours for each client he represented that day—sometimes billing for more hours than the court was open each day. Although he had been acquitted of criminal charges arising from his actions, we agreed with the board that his conduct was dishonest and deceptive, that it adversely reflected on his fitness to practice law, and that it resulted in the collection of clearly excessive fees. Regarding aggravating factors, we agreed with the board that he had acted with a selfish motive, committed multiple offenses, engaged in a pattern of misconduct over a two-year period, and initially failed to acknowledge the wrongfulness of his conduct. However, he had no prior history of discipline, fully cooperated in the disciplinary proceedings, had a good reputation in his community, and corrected his billing practices. We suspended him from the practice of law for one year and conditioned his reinstatement on payment of restitution. *Id.* at ¶ 25.

{¶ 16} In *Toledo Bar Assn. v. Stahlbush*, 126 Ohio St.3d 366, 2010-Ohio-3823, 933 N.E.2d 1091, the attorney had inflated the hours she billed for court-appointed work—including billing more than 24 hours a day on at least three occasions, more than 10 hours a day on five other occasions, and more than 3,400 hours in a single calendar year. We found that her billing practices violated our

rules prohibiting dishonesty, conduct prejudicial to the administration of justice, conduct adversely reflecting on a lawyer's fitness to practice, and charging a clearly excessive fee. Although we agreed with the board that the attorney had acted with a dishonest or selfish motive, engaged in a pattern of misconduct, and committed multiple offenses, we also recognized that she had no prior discipline, had a reputation as a competent, hardworking attorney, and had made restitution. Over the attorney's objection, we adopted the board's recommended sanction and suspended her from the practice of law for two years, with one year stayed on conditions, and ordered her to serve a period of monitored probation. *Id.* at ¶ 17.

{¶ 17} While recognizing that the facts of this case are similar to those of *Holland* and *Stahlbush*, the board found that Hoague's prior disciplinary record warranted the imposition of a greater sanction. It therefore recommends that he be suspended from the practice of law for two years and that he be required to take six hours of CLE focused on ethics and professionalism. The board noted that Hoague's dishonest conduct spanned approximately one year and that he falsely claimed and received $5,000 in fees to which he was not entitled, but it also noted that it occurred in the context of a single case. Citing his cooperation in the disciplinary proceedings, the limited nature of the financial harm, and Hoague's prompt payment of restitution following his criminal convictions, the board also recommends that he receive credit for the time he served during his interim felony suspension.

{¶ 18} We agree that under the facts of this case, the appropriate sanction is a two-year suspension and that Hoague should be required to complete six hours of CLE focused on ethics and professionalism. But we do not agree that Hoague's cooperation in the disciplinary proceedings, the limited financial harm caused by his misconduct, and his prompt payment of restitution following his criminal convictions, are sufficient to warrant credit for the time he served under his interim

6

felony suspension in this case—his second disciplinary case involving an abuse of the public trust.

{¶ 19} Accordingly, we suspend Michael Christopher Hoague from the practice of law for two years, with no credit for the time he served under the interim felony suspension imposed on December 12, 2017. In addition, Hoague must complete six hours of CLE focused on ethics and professionalism in addition to the requirements of Gov.Bar R. X and provide proof of completion as part of his application for reinstatement to the practice of law. Costs are taxed to Hoague.

Judgment accordingly.

O'CONNOR, C.J., and FISCHER and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

FRENCH, DEWINE, and DONNELLY, JJ., concur in part and dissent in part and would grant credit for the time served under the interim felony suspension.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

Alvin E. Mathews Jr., for respondent.

_____