**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Lorain Cty. Bar Assn. v. Robinson*, **Slip Opinion No. 2021-Ohio-2123.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2123

LORAIN COUNTY BAR ASSOCIATION *v*. ROBINSON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Robinson*, Slip Opinion No. 2021-Ohio-2123.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Overbilling for services performed as court-appointed attorney—Two- year suspension, with one year stayed on conditions.*

(No. 2021-0228—Submitted March 31, 2021—Decided June 29, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2020-028.

_____

**Per Curiam.**

{¶ 1} Respondent, Jeanette Michele Robinson, of Elyria, Ohio, Attorney Registration No. 0060035, was admitted to the practice of law in Ohio in 1992. On October 13, 2020, we suspended her license on an interim basis after she was convicted on a single fifth-degree-felony count of theft. *In re Robinson*, 161 Ohio St.3d 1272, 2020-Ohio-4868, 164 N.E.3d 499.

**{¶ 2}** In a June 10, 2020 complaint, relator, Lorain County Bar Association, alleged that the conduct underlying Robinson's theft conviction—overbilling for the work she performed as a court-appointed attorney—violated six professional-conduct rules. The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors. They also jointly recommended that Robinson be suspended from the practice of law for two years with no credit for the time served under her interim felony suspension, be required to pay additional restitution beyond that which was ordered in her criminal case, serve a two-year period of monitored probation upon her reinstatement, and comply with additional restrictions on her future court-appointed work.

**{¶ 3}** After a hearing, a three-member panel of the Board of Professional Conduct issued a report in which it found that Robinson committed the charged misconduct and recommended a sanction that varied from the parties' agreed sanction—namely, that the second year of Robinson's suspension be conditionally stayed. Further, the panel did not recommend any period of monitored probation upon Robinson's reinstatement. The board adopted the panel's report in its entirety and no objections have been filed.

**{¶ 4}** After reviewing the record in this case, we adopt the board's findings of misconduct and recommended sanction.

## Stipulated Facts and Misconduct

**{¶ 5}** In 2019, relator began investigating allegations that Robinson had overbilled for work she had performed as a court-appointed attorney in the Lorain County Court of Common Pleas, Juvenile Division, from 2016 through 2019. In August 2020, approximately two months after relator filed the complaint in this matter, Robinson pleaded guilty to a single fifth-degree-felony count of theft that arose from the same underlying conduct. On October 7, 2020, the trial court sentenced Robinson to three years of community control and ordered her to make restitution of $29,319 to Lorain County within one year and abstain from seeking

court-appointed legal work for two years. *State v. Robinson*, Lorain C.P. No. 20CR102843 (Oct. 7, 2020).

{¶ 6} Robinson has admitted that she knowingly overbilled the Ohio Public Defender's Office and Lorain County for court-appointed work that she performed from 2016 through 2019. In her testimony before the hearing panel, she admitted that her fraudulent billing statements were submitted to and approved by trial judges. Further, Robinson acknowledged that she made false statements to nonjudicial personnel, and the stipulated exhibits establish that her fraudulent billing statements were received and certified by the county auditor before the county issued payment to her. She explained that at the time of her misconduct, she was experiencing a series of severe medical problems and did not have sufficient health insurance to cover the costs of her treatment. Robinson's medical conditions have since stabilized, and she has obtained full-time employment as a condition of her community control.

{¶ 7} The parties stipulated and the board found that Robinson's conduct violated Prof.Cond.R. 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee), 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), 4.1(a) (prohibiting a lawyer from knowingly making a false statement of material fact or law to a third person), 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

{¶ 8} We adopt these findings of misconduct.

## Sanction

{¶ 9} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the

aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 10} Three aggravating factors are present and were stipulated to by the parties: Robinson acted with a dishonest or selfish motive, committed multiple offenses, and engaged in a pattern of misconduct. *See* Gov.Bar R. V(13)(B)(2), (3), and (4). As for mitigating factors, the parties stipulated that Robinson (1) lacks a prior disciplinary record, (2) made a timely, good faith effort to make partial restitution by paying the $29,319 in restitution ordered in her criminal case, (3) made full and free disclosure to the board and exhibited a cooperative attitude toward the criminal and disciplinary processes, (4) submitted evidence of her good character and reputation in the legal community, and (5) had other penalties or sanctions imposed for her criminal conduct. *See* Gov.Bar R. V(13)(C)(1), (3), (4), (5), and (6). In addition to adopting those mitigating factors, the board found that Robinson had fully acknowledged the wrongful nature of her misconduct, was "exceedingly remorseful" for her actions, and had agreed to pay an additional $50,000 in restitution; she testified that she had submitted this money to her counsel prior to her disciplinary hearing.

{¶ 11} The parties stipulated that Robinson should be suspended for two years with no credit for the time served under her interim suspension and be required to pay $50,000 in restitution in addition to the $29,319 that she was ordered to pay in her criminal case. They also agreed that she should be required to serve a two-year period of monitored probation with additional restrictions on her future court-appointed work.

{¶ 12} In determining the appropriate sanction to recommend for Robinson's misconduct, the board considered *Dayton Bar Assn. v. Rogers*, 116 Ohio St.3d 99, 2007-Ohio-5544, 876 N.E.2d 923, and *Disciplinary Counsel v. Smith*, 152 Ohio St.3d 337, 2017-Ohio-9087, 96 N.E.3d 234. In each of those cases, we imposed a two-year suspension on an attorney who, like Robinson,

fraudulently billed clients for work that they did not perform. The board, however, distinguished those cases on the ground that both Rogers and Smith refused to acknowledge the wrongful nature of their misconduct, while Robinson fully acknowledged the wrongfulness of her misconduct and expressed remorse for her actions. *See Rogers* at ¶ 16; *Smith* at ¶ 36. Moreover, Rogers had previously been publicly reprimanded for similar misconduct, *Rogers* at ¶ 1, 18, and Smith had failed to make any restitution by the time of his disciplinary hearing, *Smith* at ¶ 36.

{¶ 13} The board found that Robinson's conduct was most comparable to two other cases cited by the parties: *Toledo Bar Assn. v. Stahlbush*, 126 Ohio St.3d 366, 2010-Ohio-3823, 933 N.E.2d 1091, and *Dayton Bar Assn. v. Swift*, 142 Ohio St.3d 476, 2014-Ohio-4835, 33 N.E.3d 1. Like Robinson, Stahlbush submitted false and fraudulent billing statements for court-appointed work. Stahlbush stipulated that she billed the county more than 3,400 hours in a single year and that she had submitted numerous billing statements in which she averred that she had worked 14 to 24 hours in a day. *Stahlbush* at ¶ 3. We found that Stahlbush had acted with a dishonest or selfish motive, committed multiple offenses, and engaged in a pattern of misconduct. However, she had no prior disciplinary record, submitted positive character references, made an undisclosed amount of restitution, and had been denied additional court-appointed work in the juvenile court, which had been her primary source of income. *Id.* at ¶ 7-8. We suspended Stahlbush from the practice of law for two years, with the second year stayed on the conditions that she submit to one year of monitored probation and commit no further ethical violations. *Id.* at ¶ 17.

{¶ 14} Swift submitted inflated billing statements for court-appointed services in four separate counties over a two-and-a-half-year period. Like Robinson, he was found to have knowingly made false statements of material fact to a tribunal and third persons, engaged in conduct involving dishonesty, fraud,

deceit, or misrepresentation, and engaged in conduct that was prejudicial to the administration of justice. Although Swift was not convicted of a crime, we found that his misconduct adversely reflected on his fitness to practice law. *Swift* at ¶ 15, 17. In addition to the same aggravating factors that are present in Robinson's case, Swift failed to make restitution prior to his disciplinary hearing—though the parties ultimately stipulated that he owed $50,000 in restitution. *Id.* at ¶ 17-20.

{¶ 15} In accord with *Stahlbush*, we suspended Swift for two years with the second year stayed on the conditions that he submit to a one-year period of monitored probation and engage in no further misconduct. We also conditioned his reinstatement on his payment of $50,000 in restitution. *Id.* at ¶ 23.

{¶ 16} On the authority of *Stahlbush* and *Swift*, the board recommends that we suspend Robinson from the practice of law for two years, with no credit for the time served under her interim felony suspension but with the second year stayed on conditions that include the payment of $50,000 in restitution, in addition to the $29,319 already paid as part of her criminal sentence. Based on the panel's observation of Robinson's testimony, the panel found and the board agreed that it is highly unlikely that Robinson will reoffend in this manner and therefore rejected the parties' stipulation that she be required to serve two years of monitored probation. They did, however, adopt the parties' recommendations that she be required to comply with all orders in her criminal case and that upon Robinson's resumption of court-appointed work, she be required to furnish copies of her billing statements for that work to relator for a period of one year.

{¶ 17} Here, Robinson's misconduct caused financial harm to the taxpayers of Lorain County, and her dishonesty cast a negative light on the legal profession as a whole. After thoroughly reviewing the board's findings of fact and conclusions of law, the applicable aggravating and mitigating factors, and the

sanctions we have imposed for comparable misconduct, we believe that the board's recommended sanction is the appropriate sanction in this case.

**Conclusion**

{¶ 18} Accordingly, Jeanette Michele Robinson is suspended from the practice of law in Ohio for two years, with no credit for the time served under the interim felony suspension imposed on October 13, 2020, but with the second year stayed on the conditions that she (1) comply with all orders of the Lorain County Court of Common Pleas in case No. 20CR102843, (2) pay $50,000 in restitution to Lorain County in addition to the $29,319 in restitution ordered in her criminal case, and (3) engage in no further misconduct. If Robinson fails to comply with any condition of the stay, the stay will be lifted and she will serve the full two-year suspension. For the first year that Robinson serves as court-appointed counsel following her reinstatement to the practice of law, she shall furnish copies of all billing statements for her court-appointed work to relator. Costs are taxed to Robinson.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

O'Toole, McLaughlin, Dooley & Pecora Co., L.P.A., Matthew A. Dooley, and Michael R. Briach, for relator.

Milano Attorneys at Law, Jay Milano, and Kate Pruchnicki, for respondent.

_____